**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **SANDRA SANTOS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 3:15-cv-476** |
| ) | |
| **JESSICA CHRISTIAN,** ) | |
| **LAURIE OVERMANN,** ) | |
| **and CALIPER, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7 of the

U.S. District Court for the Eastern District of Virginia, defendants Caliper, Inc. ("Caliper") and

Laurie Overmann ("Overmann") (collectively "Caliper Defendants"), by counsel, submit this

Memorandum of Law in Support of their Partial Motion to Dismiss Count Two of the plaintiff

Sandra Santos's ("Plaintiff's") Amended Complaint (the "Complaint"). The Caliper Defendants

request dismissal of Plaintiff's claims of common law defamation against the Caliper Defendants

on the grounds that Plaintiff has failed to allege a basis for those claims upon which relief can be

granted.

## I.      INTRODUCTION

Plaintiff's putative claim for defamation against the Caliper Defendants fails on two

grounds. In order to state an actionable claim for defamation, a plaintiff must, among other

things, allege facts sufficient to establish an actionable statement, and must also allege facts

sufficient to establish publication of the actionable statement. The Complaint fails to allege facts

to establish either of those elements. Indeed, Plaintiff's claim against Caliper and Overmann is based on a single alleged statement by Overmann regarding Plaintiff's qualifications for a temporary employment position. The Complaint also contains the vague allegation that Overmann "repeated the false statement" to Shelby Perry ("Perry"). These alleged statements are, on their face, statements of opinion which are not actionable in Virginia. These allegations are also insufficient to show that Overmann made any statement actionable as "insulting words" under Virginia law.

Furthermore, the Complaint fails to allege any facts whatsoever to establish that Overmann's alleged statements were published, as required to make out a claim for defamation. Instead, Plaintiff in her Complaint alleges only that Overmann made a statement directly to Plaintiff that she alleges was false, and that Overmann "repeated the false statement" to Perry and unnamed "others." Though Plaintiff fails to disclose any other information about Perry in her Complaint, Perry is in fact a Human Resources professional at the VEC, where Plaintiff was applying for employment, and which had contracted with Caliper to fill its temporary tax examiner positions. Therefore, whether or not it was an actionable statement, Overmann's alleged statement to Perry was not published, since it was a privileged communication about employment matters made pursuant to Caliper's status as a contractual agent of the VEC. These are not the sort of allegations which can support a claim of defamation in Virginia.

## II.    MATERIAL FACTUAL ALLEGATIONS IN THE COMPLAINT AS TO COUNT II

On or about July 22, 2013, Plaintiff contacted Defendant Jessica Christian ("Christian") to inquire about any new employment opportunities with VEC. (Compl. ¶ 18). Christian told Plaintiff that there were temporary Tax Examiner positions available at VEC in Richmond. (Compl. ¶¶ 19). Christian then told Plaintiff that VEC had retained Caliper to fill these temporary

Tax Examiner positions, and suggested that Plaintiff contact Caliper and apply for a temporary Tax Examiner position. (Compl. ¶¶ 20-21). On or about August 27, 2013, Plaintiff applied with Caliper for a Tax Examiner position with VEC. (Compl. ¶ 31). Plaintiff was turned down for a position. (Compl. ¶ 32). Plaintiff subsequently contacted Defendants Caliper and Overmann again, and applied for a second time for a position with VEC (Compl. ¶ 35). Defendant Overmann requested that Plaintiff fill out a credit background check form. (Compl. ¶ 36).

On September 9, 2013, Defendant Overmann sent an email to Plaintiff, stating "[Y]our credit report would not make it possible for you to work in the department you wanted…" (Compl. ¶ 37). Plaintiff believes that this statement was a lie, and alleges that contrary to Defendant Overmann's statement, VEC had actually reviewed Plaintiff's credit history and approved her for employment. (Compl. ¶¶ 38-39). Plaintiff alleges that Defendant Overmann repeated the false statement that Plaintiff's credit history disqualified her from employment with VEC to "others," naming only Perry as a person to whom Overmann repeated the statement (Compl. ¶ 40). Plaintiff alleges as legal conclusions that Defendant Overmann's statement was a "false statement" and a "false statement of fact" made within the scope of Overmann's employment at Caliper (Compl. ¶¶ 41-42, 44, 53).

### III.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff is obligated to "provide grounds for [her] entitlement to relief," including "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Giarratano v. Johnson*, 521 F. 3d 298, 302 (4th Cir 2008); *Quest Communications Corp. v. Maryland-National Capital Park & Planning Comm'n*, 553 F. Supp. 2d 572, 574 (D. Md. 2008).

A plaintiff's pleading must, at minimum, "allege facts sufficient to state all the elements of her claim." *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 765-766 (4th Cir. Va. 2003). Further, however, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level …." *Twombly*, 127 S. Ct. at 1965 ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). A complaint can only withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Although a court evaluating a defendant's motion to dismiss must assume that all *facts* in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are likewise insufficient to surpass the requirements of Rule 12(b)(6). *See Giarratano*, 521 F. 3d at 304.

## IV.   ANALYSIS

Although the Complaint repeatedly asserts, among other conclusory descriptions, that Overmann's alleged statements to Plaintiff and Perry were "defamatory," the Plaintiff fails to include factual allegations sufficient to state such claims. (Compl. at 6-7). The actions giving rise to Plaintiff's Complaint occurred in Virginia, so the essential elements in this defamation matter are derived from Virginia law. *Brown v. Triton Sec.*, 2005 WL 4663731, at *2 (E.D. Va. Mar. 23, 2005) (citing *Klaxon v. Stentor*, 313 U.S. 487, 496-97 (1941)). Under Virginia common law, the (1) publication of (2) an actionable statement with (3) the requisite intent. *See, e.g., Moore v. Pya*

*Monarch*, 238 F.Supp.2d 724, 728 (E.D.Va. 2002); *Chapin v. Knight–Ridder, Inc.*, 993 F.2d

1087, 1092 (4th Cir. 1993) (applying Virginia law).

Here, the Plaintiff's claims must fail, because she has not alleged facts sufficient to

establish the first or second elements of her common law defamation claim against the Caliper

Defendants. Plaintiff alleges only that Overmann said in an email to Plaintiff "[Y]our credit

report would not make it possible for you to work in the department you wanted…" and that

Overmann "repeated the false statement, that Plaintiff's credit history disqualified her from

employment with VEC to others, including Shelby Perry." (Compl. ¶¶ 37, 40.) Problematically,

the exact language of the alleged statement by Overmann to Perry is not actually included in the

Complaint. Further, although Plaintiff makes the vague assertion that Overmann "repeated the

false statement" to "others," the only named individual to which Overmann allegedly repeated

the statement is Perry, an HR professional at the VEC.  These alleged facts are insufficient to

establish either that Overmann's statements were actionable, or that the requisite publication

occurred.

Along with these fact allegations, Plaintiff includes a variety of conclusory adjectives and

descriptors. Indeed, Plaintiff repeatedly refers to Overmann's alleged statement as "a lie,"

"false," "a false statement," and a "false statement of fact," and describes the alleged statement

as "malicious, insulting, defamatory, and slanderous." Plaintiff also asserts that Overmann's

alleged statement "prejudiced Plaintiff in her profession or trade." At the motion to dismiss

stage, a plaintiff's allegation of factual falsity in a common law defamation claim is accepted as

true. *See Vaile v. Willick*, No. CIV. 6:07CV00011, 2008 WL 204477, at *3 (W.D. Va. Jan. 24,

2008). However, to be defamatory, a statement must contain a factual connotation capable of

being false, *Union of Needletrades v. Jones*, 603 S.E.2d 920, 924 (Va. 2004), and whether a

5

statement is capable of a defamatory meaning is a question of law. *Hatfill v. New York Times Co.*, 416 F.3d 320, 330-31 (4th Cir. 2005) (citing *Yeagle v. Collegiate Times*, 497 S.E.2d 136, 138 (Va. 1998)). Therefore, to the extent these conclusory descriptions are indeed legal conclusions rather than factual allegations, they need not be accepted as correct. *Cf. Papasan*, 478 U.S. at 286 (Court need not accept legal conclusions couched as factual allegations); *Giarratano*, 521 F. 3d at 304 (To survive 12(b)(6) analysis, Plaintiff must assert facts, courts need not accept mere conclusions).

1. **The Complaint Fails to Allege Facts Establishing an Actionable Statement by Overmann.**

   a. *The Complaint fails to plead with specificity any actionable statement to Perry or "others."*

Stripped of her conclusory assertions, the Plaintiff's core factual allegations contained in her Complaint do not establish any defamatory or otherwise actionable statement by Overmann. First, the Plaintiff has failed to plead with specificity the exact words allegedly spoken by Overmann to Perry and "others." Under Virginia law, causes of action for defamation require "that the exact words spoken or written…be set out in the declaration...that is, [the pleading] must purport to give the exact words. Words equivalent or of similar import are not sufficient." *Gibson v. Boy Scouts of Am.*, 360 F. Supp. 2d 776, 782 (E.D. Va. 2005) *aff'd*, 163 F. App'x 206 (4th Cir. 2006) (citing *Federal Land Bank of Baltimore v. Birchfield*, 3 S.E.2d 405, 410 (Va. 1939)). For example, the plaintiff in *Gibson* alleged that "[u]pon information and belief, similar false and defamatory statements [regarding unfitness to be a Scout or Scoutmaster] were published" by defendant and its agents to other parents and members of the community. *Id.* at 781-82. The U.S. District Court for the Eastern District of Virginia held that these allegations, which alleged only that the words used in one incident of defamation were "similar" to those of

another alleged incident, were insufficient to sustain a cause of action for defamation and thus dismissed the claim as to that incident. *Id.* at 782.

Here, Plaintiff alleged that Overmann stated directly to Plaintiff that "[Y]our credit report would not make it possible for you to work in the department you wanted…" (Compl. ¶ 37). Plaintiff then alleged that Overmann "repeated the false statement, that Plaintiff's credit history disqualified her from employment with VEC" to "others" including Perry. (Compl. ¶ 38). The Plaintiff has not pled in the complaint the exact words that Overmann allegedly used when "repeating" the statement to Perry. Instead, Plaintiff has alleged only that Overmann "repeated" her statement to Plaintiff, followed by a summarized description of the content of the statement. Plaintiff's inclusion of a summary of the first statement is little more than was pled by the plaintiff in *Gibson*. Indeed, Plaintiff's pleading amounts only to an allegation that Overmann repeated a similar statement to Perry as that which she had made to Plaintiff. Under the reasoning in *Gibson*, such a non-exact allegation is insufficient to make out a cause of action for defamation. Therefore, Plaintiff's claims as to Overmann's alleged statement to Perry and "others" should be dismissed.

### b. *Overmann's alleged statements to Plaintiff and Perry are not defamatory because they are expressions of opinion.*

Further, the content of the statements alleged by Plaintiff, even if they were properly alleged in the pleading, is not actionable defamation in Virginia. To be actionable, the statement must not only be false, but defamatory, that is, it must "tend[ ] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Echtenkamp v. Loudon Cnty. Pub. Sch.*, 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003) (citing *Chapin v. Knight–Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir.1993)). In other words, "[m]erely offensive or unpleasant statements" are not defamatory;

7

rather, defamatory statements "are those that make the plaintiff appear odious, infamous, or ridiculous." *Id.* Statements may be defamatory by implication, inference, innuendo, or insinuation, provided the alleged defamatory meaning is plain. *See, e.g.*, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–21 (1990). In addition, under Virginia law, statements that "prejudice [a] person in his or her profession or trade" or that "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment" constitute defamation per se. *Union of Needletrades*, 603 S.E.2d at 924 (citing *Carwile v. Richmond Newspapers, Inc.*, 82 S.E.2d 588, 591 (Va. 1954)). The question whether a statement is capable of having a defamatory meaning is a question of law to be decided by the court. *Hatfill*, 416 F.3d at 330-31 (citing *Yeagle*, 497 S.E.2d at 138). Whether a statement is defamatory per se is also a matter of law. *Echtenkamp* 263 F. Supp. 2d at 1061 (citing *Yeagle*, 497 S.E.2d at 138; *Chapin*, 993 F.2d at 1092).

However, regardless whether the content of a statement may otherwise qualify as defamatory, the Supreme Court of Virginia has held that "speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action." *Union of Needletrades*, 603 S.E.2d at 924 (quoting *Fuste v. Riverside Healthcare Association, Inc.*, 575 S.E.2d 858, 861 (Va. 2003)). Statements which do not contain a provably false factual connotation are sometimes referred to as "pure expressions of opinion." *Yeagle*, 497 S.E.2d at 137 (citing *Williams v. Garraghty*, 455 S.E.2d 209, 215 (Va. 1995)). More specifically, "statements that are relative in nature and depend largely upon the speaker's viewpoint" are expressions of opinion. *Cashion v. Smith*, 749 S.E.2d 526, 531 (Va. 2013) (citing *Hyland v. Raytheon Tech. Servs.* Co., 670 S.E.2d 746, 750 (Va. 2009)). Statements of opinion are not

defamatory if they cannot be objectively classified as true of false. *Id.* (citing *Fuste*, 575 S.E. 2d at 861-61); *Vaile*, 2008 WL 204477, at \*2 (citing *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va.2005)).

Statements as to an individual's fitness for a position are statements of opinion without a provably false factual connotation. *See, e.g., Cashion*, 749 S.E.2d at 531; *Gibson*, 360 F. Supp. 2d at 781. In *Gibson v. Boy Scouts of America*, a statement that the plaintiff was "unfit to be a Scoutmaster and in Scouts" was held to be a statement of "pure opinion" which did not contain a provably false connotation. *Gibson*, 360 F. Supp. 2d at 781 (dismissing plaintiff's defamation claim). Similarly, comments on an individual's job performance are often statements of pure opinion. *See Cashion*, 749 S.E.2d at 531(holding that the statements "[t]his was a very poor effort," "[y]ou didn't really try," and "[y]ou gave up on him," were not defamatory because they were subjective and dependent on the speaker's viewpoint). *But see id.* at 531-32 (holding that the statements that the patient "could have made it with better resuscitation" and "[y]ou determined from the beginning that he wasn't going to make it and purposefully didn't resuscitate him" did contain provably false factual connotations, namely, that the plaintiff negligently failed to prevent or purposefully caused a patient's death).

The statements alleged by Plaintiff are statements of opinion which do not contain any provably false factual connotation. Plaintiff has alleged that Overmann told her that her credit report "would not make it possible" for her to work in the position she wanted, and that she repeated this statement regarding Plaintiff's qualifications for employment with the VEC to Perry. The content of these statements is analogous to the types of statements regarding fitness for employment and job performance which have been held to be opinion and therefore not defamatory. *See Cashion*, 749 S.E.2d at 531; *Gibson*, 360 F. Supp. 2d at 781. Although

Overmann allegedly used the words "not possible," the overall connotation as summarized by the Plaintiff was that Overmann had determined that Plaintiff was not qualified for the desired position. Indeed, like the defendants in *Cashion* and *Gibson*, Overmann was in the position to form an opinion as to Plaintiff's fitness for employment with the VEC, since in the course of her job duties for Caliper, she was charged with the duty of screening and hiring candidates for employment with the VEC. Despite Plaintiff's allegation that the VEC had reviewed the credit report and approved Plaintiff for employment, it was indeed Overmann, in her capacity as an employee of Caliper, who was charged with finding suitable individuals to fill the tax examiner positions. Regardless whether the VEC had reviewed Plaintiff's credit report, Overmann and Caliper had the ultimate authority to screen candidates for the positions. Thus, Overmann's determination as to Plaintiff's fitness for the position was largely dependent upon her own viewpoint while screening candidates for the VEC. In allegedly remarking that Plaintiff's credit history disqualified her from employment, Overmann was simply exercising her duties to form just such an opinion as to Plaintiff's job qualifications.

### c. Overmann's alleged statements to Plaintiff and Perry are not "insulting words" under Virginia's insulting words statute.

Finally, the Plaintiff has failed to allege any statement by Overmann containing actionable "insulting words." By statute, Virginia law also recognizes as actionable all words "which from their usual construction and common acceptance are (1) construed as insults and (2) tend to violence and breach of the peace." Va. Code Ann. § 8.01-45. In order for a statement to be actionable under the insulting words statute, a plaintiff must prove that the words used were such as tended to violence or breach of the peace. *Allen & Rocks, Inc. v. Dowell*, 443, 477 S.E.2d 741, 743 (Va. 1996)). That the words were merely offensive to plaintiff, or even that they prejudiced the plaintiff in her trade or profession or were otherwise defamatory under the

10

common law, is not enough to be actionable under the statutory cause of action for insulting words without a showing that the words were construed as insults and tended to violence and breach of the peace. *See id.* ("[P]laintiff cites no case in which we have said that any assimilation of the statutory cause of action for insulting words by the common law of defamation has eliminated the statutory necessity of showing that the words used were such as to provoke violence or breach of the peace, and we find none").

In *Allen*, the Supreme Court of Virginia held that statements made regarding a former employee's qualifications fitness for employment were not actionable under the insulting words statute. Specifically, the defendant had stated, in response to reference questions posed by plaintiff's potential employers, that the plaintiff's "accomplishments and interpersonal skills with management were unsatisfactory," that he "did not communicate well," that he "had been discharged because of his performance," and that the defendant "would not hire [the plaintiff]." *Id.* at 741. The Court held conclusively that these words did not tend to violence or breach of the peace and thus were not actionable as "insulting words" under Va. Code § 8.01-45. *Id.* at 743. Even words which, by their plain meaning, are commonly construed as insults have not been found to rise to the level of insulting words tending to violence and breach of the peace. *See, e.g., Lane v. David P. Jacobson & Co.*, 880 F. Supp. 1091, 1097 (E.D. Va. 1995) (dismissing plaintiff's claim under the insulting words statute where the complaint alleged only that the president of the company had called plaintiff "fat" and made "offensive and derogatory statements of a sexual nature").

Here, the statements allegedly made by Overmann do not tend to violence and breach of the peace under any potential meaning, implication, or innuendo. Instead, the alleged statements bear a striking resemblance to those alleged in *Allen*, which consisted of statements regarding a

former employee's fitness for employment, such as remarks that the former employee had

unsatisfactory accomplishments and interpersonal skills, did not communicate well, was fired for

performance, and should not be hired. The Supreme Court of Virginia concluded that these

statements did not meet the requirements under the insulting words statute. Similarly, Plaintiff

has alleged only that Overmann stated "[Your] credit report would not make it possible for you

to work in the department you wanted" and that Overmann repeated a similar statement to Perry

and "others." Although Overmann's alleged statements reference credit history, whereas the

statements at issue in *Allen* did not, Plaintiff has alleged no other reference to Plaintiff's work

accomplishments, job skills, interpersonal skills, or any other factors indicative of employment

qualifications and fitness for employment. In this sense, Overmann's alleged statements

regarding Plaintiff's qualifications for the desired position are even less severe than those

analyzed in *Allen*, which the Court found insufficient to be actionable as insulting words. For

these reasons, Plaintiff's defamation claim also must fail under the statutory cause of action for

insulting words.

### 2.   The Complaint Fails to Allege Facts Establishing Publication of Any Actionable Statement

Regardless of the content of Overmann's alleged statements, Plaintiff has also failed to

allege any facts to establish that Overmann's statements were published. Publication is a

necessary element for defamation claims under Virginia law. See *Moore*, 238 F.Supp. at 728.[1]

To be published, a statement must be disseminated "to a third party, where that dissemination

does not occur in a privileged context." *Brown*, 2005 WL 4663731, at *2 (citing *Echtenkamp*,

---

[1] Although publication is not a necessary element of a statutory action for insulting words, *O'Neil v. Edmonds*, 157 F. Supp. 649, 651 (E.D. Va. 1958), as discussed above, the statements alleged by Plaintiff do not rise to the level of "insulting words" as a matter of law under Va. Code § 8.01-45.

263 F.Supp.2d at 1051 (E.D.Va.2003); *Montgomery Ward & Co. v. Nance*, 182 S.E. 264

(Va.1935)). Overmann's alleged statement to Plaintiff therefore cannot form the basis of a

defamation action, as it was not disseminated to a third party. Furthermore, Overmann's alleged

statement to Perry was privileged, and Plaintiff has not alleged facts sufficient to defeat that

privilege.

Under Virginia law, "communications between persons on a subject in which the persons

have an interest or duty are occasions of privilege." *Echtenkamp*, 263 F.Supp.2d at 1061 (citing

*Larimore v. Blaylock*, 528 S.E.2d 119, 121 (Va. 2000)). The privilege applies broadly to all

statements related to "employment matters," provided the parties to the communication have a

duty or interest in the subject matter. *Id*. On the other hand, the privilege never arises where the

statements are made to employees with no duty or interest in the matter. *Montgomery Ward*, 182

S.E. at 270-71 (citing *Chalkley v. Atlantic Coast Line R. Co*., 143 S.E. 631 (Va. 1928);

*Thalhimer Bros. v. Shaw*, 159 S.E. 87, 90 (Va. 1931)) (holding that a communication regarding

an employee's termination for inefficiency and poor performance was not privileged when it was

shared with a payroll clerk who had no interest in the matter, but that the same statements were

privileged when dictated to a stenographer to draft a termination letter pursuant to her usual

employment duties).

The privilege is a qualified privilege and is lost if a plaintiff proves by clear and

convincing evidence that the defamatory words were spoken with common law malice.

*Echtenkamp*, 263 F. Supp. 2d at 1061 (citing *Southeastern Tidewater Opportunity Project v.

Bade*, 425 S.E.2d 131, 132 (Va. 1993) (finding termination letter including strong language

alleging employee's professional deficiencies was subject to privilege and did not establish

common law malice)). However, "employment matters are occasions of privilege in which the

13

absence of malice is presumed." *Larimore*, 528 S.E.2d at 122. To avoid the qualified privilege, a plaintiff must therefore show that "the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure [him]." *Echtenkamp*, 263 F.Supp.2d at 1061 (quoting *Southeastern Tidewater*, 435 S.E.2d at 132).

This Court has applied the above precedent to hold that communications in a memorandum between a company's President and its Operations Director regarding, among other things, two employees' misconduct and performance problems were privileged and presumed not to be malicious. *Brown*, 2005 WL 4663731, at *2-3. Specifically, the memorandum instructed the Operations Director to terminate the plaintiff's employment based on his "dismal performance" and dishonesty. The Court held that the memorandum was "clearly relate[d] to an employment matter" and thus the statements contained therein were both privileged and presumed to be without malice. *Id.* at *3. Further, the plaintiff in *Brown* failed to allege malice, and defeat the privilege, even when the Court treated as true his allegations that the memorandum was written months after his termination for the purpose of providing a lawful justification for his termination which was pretext for discrimination. *Id.* This alleged motive was held not to rise to the level of common law malice. *Id.*

The alleged statement by Overmann to Perry, provided only in summarized form in the Complaint, is a privileged communication as a matter of law. This statement falls under the general privilege afforded to communications between persons on a subject in which the persons have an interest or duty, as well as under the privilege afforded to communications between interested parties regarding "employment matters." *Behtenkamp*, 263 F.Supp.2d at 1051 (citing *Larimore*, 528 S.E.2d at 121). Indeed, Plaintiff acknowledges in her Complaint that the VEC retained Caliper to fill its temporary tax examiner positions, and that when she applied for such a

position, she applied directly to Caliper. (Compl. ¶¶ 20, 31). As a duty of her employment with

Caliper, Overmann was charged with screening and hiring candidates for employment in these

positions. Again, Plaintiff herself asserts that Overmann's alleged statements "were undertaken

in the course [sic], and within the scope of, her employment" with Caliper. (Compl. ¶ 44).

Furthermore, as a Human Resources representative with VEC, it was also squarely within the

course of Perry's employment to handle hiring and employment matters and, in this case, to

interact with the staffing company hired by the VEC to fill its temporary tax examiner positions.

Thus, the alleged communication between these two individuals was privileged because (1) it

was made between parties with a mutual interest in the communication pursuant to the contract

for staffing services between VEC and Caliper; and (2) it was a communication regarding

"employment matters" between a recruiter and an HR professional who both unequivocally had

duties and interests related to the subject matter.

     The Plaintiff cannot defeat the privileged status of the alleged statement, because she has

not pled facts sufficient to show that Overmann acted with common law malice. In fact, the

Complaint is devoid of any allegation of malice. The burden on the Plaintiff to show common

law malice is an exceptionally heavy one, and one which she has failed to carry. Indeed, Plaintiff

has failed to allege any facts to indicate that Overmann's alleged statement that Plaintiff's credit

history disqualified her from employment was based on a "sinister or corrupt motive such as

hatred, revenge, personal spite, ill will, or desire to injure" the Plaintiff. *Echtenkamp*, 263 F.

Supp. 2d at 1061 (quoting *Southeastern Tidewater*, 435 S.E.2d at 132). Plaintiff has alleged no

motive for this statement, other than indirectly alleging that Overmann was influenced by

statements made by Christian, an employee of the VEC, regarding Plaintiff's employment

history with VEC. Even if these alleged statements by Christian motivated Overmann, such a

motive is not only lawful, but appropriate given Overmann's duty to hire candidates for temporary positions at the VEC. Furthermore, in *Brown*, this Court held that even when a plaintiff has alleged that a statement was motivated by a desire to provide a pretextual reason for an adverse employment decision, such an allegation is insufficient to establish common law malice. *Brown*, 2005 WL 4663731, at *3. To the extent Plaintiff has attempted to allege a similar motive, such a motive would still be insufficient under the reasoning in *Brown*. The facts alleged by Plaintiff therefore fall far short of common law malice, as required to defeat the qualified privilege, and thus the statement was not "published" as a matter of law.

## V.    CONCLUSION

For the reasons stated herein, the Caliper Defendants respectfully request that the Court grant its Motion seeking dismissal of the second count of the Plaintiffs' Complaint and for such other and further relief as the Court deems necessary.

Respectfully submitted,

CALIPER, INC. and LAURIE OVERMANN

By: _____/s/_____

David C. Burton
Virginia State Bar No. 33178
Counsel for Caliper Defendants
WILLIAMS MULLEN, PC
222 Central Park Avenue, Suite 1700
Virginia Beach, Virginia 23462
Telephone: 757.499.8800
Facsimile: 757.473.0395
dburton@williamsmullen.com

Michael B. Steele
Virginia State Bar No. 77356
Counsel for Caliper Defendants
WILLIAMS MULLEN, PC
222 Central Park Avenue, Suite 1700
Virginia Beach, Virginia 23462

Telephone: 757.499.8800
Facsimile: 757.473.0395
msteele@williamsmullen.com

Amanda M. Weaver
Virginia State Bar No. 86782
Counsel for Caliper Defendants
WILLIAMS MULLEN, P.C.
P.O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 420-6226
Facsimile: (804) 420-6507
aweaver@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2015, I electronically filed the foregoing

MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS with the

Clerk of the Court using the CM/ECF, which will send notice to the following:

Tim Schulte, Esq.
Blackwell N. Shelley, Esq.
SHELLEY CUPP SCHULTE, P.C.
2020 Monument Avenue, First Floor
Richmond, Virginia 23220
*Counsel for Plaintiff*

E. Lewis Kincer, Jr., Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of Virginia
900 E. Main Street
Richmond, VA 23219
*Counsel for Defendant Jessica Christian*

By: _____/s/_____
David C. Burton
Virginia State Bar No. 33178
Counsel for Defendants Caliper and Overmann
WILLIAMS MULLEN, PC
222 Central Park Avenue, Suite 1700
Virginia Beach, Virginia 23462
Telephone: 757.499.8800
Facsimile: 757.473.0395
dburton@williamsmullen.com