IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SANDRA SANTOS,

     Plaintiff,

v.

                                        **Civil Action No. 3:15cv476**

JESSICA CHRISTIAN,
LAURIE OVERMANN,
and
CALIPER INC.,

     Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Caliper Inc. ("Caliper") and Laurie

Overmann's ("Overmann") (collectively, the "Caliper Defendants") Partial Motion to Dismiss

the matter against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 3.)

Plaintiff Sandra Santos ("Santos") filed a response to the motion, and the Caliper Defendants

replied.[2] (ECF Nos. 6, 7.) The matter is ripe for disposition. The Court dispenses with oral

argument because the materials before the Court adequately present the facts and legal

contentions, and argument would not aid the decisional process. The Court exercises jurisdiction

---

[1] Fed. R. Civ. P. 12(b)(6) allows a party to seek dismissal for "failure to state a claim upon which relief can be granted."

[2] Defendant Jessica Christian filed an answer in the state court before removal of this action. (Ans. Am. Compl. 1, ECF No. 1-4.) Christian does not join in the Motion to Dismiss.

pursuant to 28 U.S.C. §§ 1331[3] and 1367.[4]  For the reasons that follow, the Court DENIES the

Caliper Defendants' Motion to Dismiss.

## I.  Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*,

980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Santos's Amended Complaint alleges causes of action for discrimination pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and discrimination in violation of 42 U.S.C. § 1981.

[4] The Court exercises supplemental jurisdiction over Santos's state law defamation claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions"

or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a

plaintiff must assert facts that rise above speculation and conceivability to those that "show" a

claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570;

Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

## II.  Factual and Procedural Background

### A.  Summary of Allegations in Santos's Amended Complaint[5]

From April 2002 until June 2010, the Virginia Employment Commission ("VEC")

employed Santos as a Tax Examiner. Santos met or exceeded VEC's expectations throughout

her employment and earned "contributor" ratings on her annual performance reviews. (Am.

Compl. ¶ 16.) Santos left VEC on good terms in June 2010 to pursue other employment

opportunities. During the times pertinent to the Amended Complaint, Defendant Christian

served as a Tax Audit Supervisor for VEC.

On July 22, 2013, Santos contacted Christian to inquire about any new employment

opportunities with VEC. Christian told Santos that job openings existed at VEC for temporary

Tax Examiners. Christian suggested that Santos contact Defendant Caliper because Caliper

handled the hiring of temporary Tax Examiners for VEC. Defendant Overmann worked for

---

[5] For purposes of the Motion, the Court will assume the well-pleaded factual allegations
in the Amended Complaint to be true and will view them in the light most favorable to Santos.
*Matkari*, 7 F.3d at 1134.

Caliper.[6] This case centers on statements purportedly made about Santos by Christian and Overmann regarding fitness to work as a temporary Tax Examiner.

On August 27, 2013, Santos applied through Caliper for a temporary Tax Examiner position with VEC. Santos alleges that Christian learned of the application and contacted Overmann to discuss Santos and her employment history. Santos alleges that Christian made defamatory statements about her to Overmann. The statements Santos alleges to be defamatory are:

1. That Santos "sent threatening emails to Christian" (Am. Compl. ¶ 22); and

2. That Santos "threatened to stab her supervisor" during her previous employment with VEC (Am. Compl. ¶ 28 (first)[7]).

On August 29, 2013, Overmann sent Santos an email regarding her application. In the email, Overmann wrote, "I can honestly say that placing you back at the VEC is 'not' likely now or in the future based on your history with them and information I've obtained." (Am. Compl. ¶ 32 (second).) Santos then contacted VEC directly to confirm its record of positive reviews from Santos's previous tenure. VEC confirmed that Santos's employment history showed satisfactory performance and no record of discipline. Santos alleges that Overmann reached the conclusions stated in her email because of false information provided by Christian.

Shortly thereafter, Santos again applied through Caliper for a position with VEC. This time, Overmann asked Santos to complete a credit background check form. On September 9,

---

[6] The Amended Complaint does not state Overmann's job title, but it suggests that she worked for Caliper in some capacity.

[7] The Amended Complaint numbers its paragraphs. Following paragraph 34, the Amended Complaint mistakenly reverts to a second set of seven paragraphs also numbered 28 through 34. (Am. Compl. 5.) The numbering continues uninterrupted after the second paragraph 34. This opinion references the duplicated paragraph numbers as "first" and "second," respectively.

2013, Overmann sent Santos an email regarding her second application.  In the email, Overmann wrote, "[Y]our credit report would not make it possible for you to work in the department you wanted . . . ."  (Am. Compl. ¶ 37 (alteration in original).)  Santos alleges that Overmann "lie[d]" in the email. (Am. Compl. ¶ 38.)  Santos said that VEC reviewed her credit report independently and approved her for employment.  Santos further stated that VEC sent its approval to Caliper and Overmann.

Santos alleges that Overmann "repeated the false statement that [Santos's] credit history disqualified her from employment with VEC to others, including Shelby Perry."[8]  ( Am. Compl. ¶ 40.)  Santos alleges that Overmann's reiteration of the false statement constitutes defamation.  As a result, Santos avers that she suffered "humiliation, embarrassment, mortification, shame, vilification, exposure to public infamy, disgrace and scandal, injury to her reputation and feelings, and financial loss, and has been damaged in the conduct of her business and private affairs." (Am. Compl. ¶ 56.)

### B.   Procedural History

On August 27, 2014, Santos filed her Amended Complaint in the Circuit Court for the City of Richmond, Virginia.  (ECF No. 3, Ex. A.)  In Count One, Santos alleges defamation

---

[8]  The Amended Complaint does not explain who Shelby Perry is.  In their Motion to Dismiss, the Caliper Defendants assert that Shelby Perry works in Human Resources for the VEC.  They then seek to dismiss Santos's claim because publication could not occur via a privileged communication to VEC.

The Court cannot consider Defendants' additional factual assertion at this procedural juncture.  The Caliper Defendants urge the Court go beyond the pleadings and examine the "public record" to determine Perry's job title.  (Def. Resp. Mem. Mot. Dismiss 5.)  A Court may consider pertinent documents outside the Complaint when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). However, a Court may consider public records only "of unquestioned authenticity." *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).  The Caliper Defendants point to no specific public records that unquestionably explain Perry's job title or her role with VEC.

against Defendant Christian.[9] In Count Two, Santos puts forth one count of defamation against the Caliper Defendants, which they have moved to dismiss. Also at bar (but not subject to motion) are Counts Three and Four. Count Three runs against Caliper only, contending that Caliper engaged in racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Count Four, alleged against the Caliper Defendants, articulates one count of unlawful discrimination in violation of 42 U.S.C. § 1981. Santos seeks declaratory relief and both compensatory and punitive damages. On August 13, 2015, the Caliper Defendants removed this action to this Court. (ECF No. 1.) Defendant Christian consented to the Caliper Defendants' removal. (Not. Removal Ex. B, ECF No. 1-2.)

The Caliper Defendants filed their Motion to Dismiss, arguing that the allegedly defamatory statement qualified as nonactionable opinion and that Santos failed to adequately allege publication of the statement. (ECF No. 4.) Santos filed a response in opposition to the motion, and the Caliper Defendants filed a reply. (ECF Nos. 5, 6.) This matter is ripe for disposition.

## III. Analysis

For the reasons stated below, Santos has sufficiently pled facts that, taken as true at the motion to dismiss stage, plausibly allege that Overmann published an actionable defamatory statement. Accordingly, the Court denies the Caliper Defendants' Motion to Dismiss Count Two of the Amended Complaint.

### A. Standard to Plead Defamation

In order to state a claim for defamation pursuant to Virginia law, a plaintiff must allege (1) the publication (2) of an actionable statement with (3) the requisite intent. *Jordan v.*

---

[9] Christian did not file a motion to dismiss Count One. This opinion addresses only Count Two's defamation claim, which the Caliper Defendants have moved to dismiss.

*Kollman*, 612 S.E.2d 203, 206 (Va. 2005). An actionable statement "asserts a provably false fact

or factual connotation." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993)

(citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990)). "If the statements at issue are

either not defamatory, objectively true, or protected expressions of opinion," no actionable

defamation exists. *Cook, Heyward, Lee, Hopper, & Feehan v. Trump Va. Acquisitions LLC*, No.

3:12cv131, 2012 WL 1898616, at *3 (E.D. Va. May 23, 2012) (citing *Am. Commc'ns Network,*

*Inc. v. Williams*, 568 S.E.2d 683, 686 (Va. 2002)). "Pure expressions of opinion, not amounting

to 'fighting words,' cannot form the basis of an action for defamation." *Chaves v. Johnson*, 335

S.E.2d 97, 101 (Va. 1985). Such statements include "speech which does not contain a provably

false factual connotation, or . . . which cannot reasonably be interpreted as stating actual facts

about a person." *Besen v. Parents and Friends of Ex-Gays, Inc.*, No. 3:12cv204, 2012 WL

1440183, at *3 (E.D. Va. Apr. 25, 2012) (alteration in original) (quoting *Yeagle v. Collegiate*

*Times*, 497 S.E.2d 136, 137 (Va. 1998)). Plaintiff may assert a defamatory charge expressly or

by "inference, implication or insinuation." *Mann v. Heckler & Koch Defense, Inc.*, No.

1:08cv611, 2008 WL 4551104, at *8 (E.D. Va. Oct. 7, 2008) (citing *Hatfill v. N.Y. Times Co.*,

416 F.3d 320, 331 (4th Cir. 2005)). Accordingly, courts should consider both the allegedly

defamatory words and the "inferences fairly attributable" to them. *Id.*

      The United States Court of Appeals for the Fourth Circuit makes clear that the court must

consider the context of an allegedly defamatory statement in determining whether a statement

constitutes opinion. *Snyder v. Phelps*, 580 F.3d 206, 219–20 (4th Cir. 2009) (stating that courts

must "assess how an objective, reasonable reader would understand a challenged statement by

focusing on the plain language of the statement and the context and general tenor of its

message") (addressing First Amendment principles in tort claims arising from speech);

*Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 184 (4th Cir. 1998) (examining in defamation claim the "context and tenor of the [allegedly defamatory] article"). The Supreme Court of Virginia similarly requires an examination of context. *Hyland v. Raytheon Tech. Servs. Co.*, 670 S.E.2d 746, 751 (Va. 2009) ("In determining whether a statement is one of fact or opinion [in a defamation claim], a court may not isolate one portion of the statement at issue from another portion of the statement. . . . Rather, a court must consider the statement as a whole.") (citations omitted). The Court determines as a matter of law whether a statement "is one of fact or one of opinion." *Chaves*, 335 S.E.2d at 102.

### B. Santos Pleads Her Defamation Claim with Sufficient Specificity

The Court finds that Santos pleads with sufficient specificity, under both Virginia law[10] and the federal rules, plausible allegations of actionable defamatory statements in Count Two of the Amended Complaint. "[A] defamation complaint must only provide a 'short and plain' statement of the claim that is sufficient to give the defendant fair notice of the nature of the claim and the grounds upon which it rests." *Southprint, Inc. v H3, Inc.*, 208 Fed. App'x 249, 254 n.2 (4th Cir. 2006). The Fourth Circuit explicitly has held that "[w]hile the Federal Rules of Civil Procedure require more specific pleading in certain cases, defamation cases are not among

---

[10] The Caliper Defendants cite *Gibson v. Boy Scouts of Am.*, 360 F. Supp. 2d 776 (E.D. Va.), *aff'd*, 163 F. App'x 206 (4th Cir. 2005), for the proposition that under Virginia law "the [Amended Complaint] must purport to give the exact words. Words equivalent or of similar import are not sufficient." *Id.* at 782. *Gibson* relied on *Fed. Land Bank of Balt. v. Birchfield*, 3 S.E.2d 405 (Va. 1939), which states the pleading standard for defamation actions in Virginia state court.

The Fourth Circuit unambiguously rejects the premise that a *Birchfield* pleading standard applies in federal court. *Wuchenich v. Shenandoah Mem'l Hosp.*, 215 F.3d 1324, 2000 WL 665633, at *14 (4th Cir. 2000) (unpublished table decision) (reversing in part dismissal of defamation claim where district court applied *Birchfield* rather than Fed. R. Civ. P. 8 to measure the sufficiency of plaintiff's complaint). In this Court, Federal Rule of Civil Procedure 8 governs the sufficiency of Santos's Amended Complaint, including her defamation claims. *See Hatfill*, 416 F.3d at 329.

them." *Hatfill*, 416 F.3d at 329. Thus, courts in the Fourth Circuit have consistently ruled that complaints containing a "short and plain" statement of the alleged defamation satisfy pleading requirements and do not warrant dismissal. *Mann*, 2008 WL 4551104, at *7–8 (E.D. Va. Oct. 7, 2008); *Harrington v. Sprint Nextel Corp.*, No. 1:08cv336, 2008 WL 2228524, at *5 (E.D. Va. May 29, 2008.)

Despite the fact that a plaintiff need not plead "exact words," the Amended Complaint at bar purports to contain the exact words of the email expressing the alleged false statement: that Santos's credit report made it impossible for her "to work in the department [she] wanted." (Am. Compl. ¶ 37). The Amended Complaint next states that Overmann "repeated" the statement to Shelby Perry and others. Repeat means "to say or state again," or, alternatively, "to express or present (oneself) again in the same words, terms or form." *Repeat*, Webster's Ninth New Collegiate Dictionary 998 (1988). The Amended Complaint plainly gives the Caliper Defendants "fair notice" of the defamation claim based on the statement it alleges Overmann made to Perry and others. *See Southprint*, 208 F. App'x at 254 n.2. Accordingly, to the extent the Caliper Defendants suggest it is improperly pled, the Court denies the motion to dismiss Santos's defamation claim.

### C. Santos's Amended Complaint Plausibly Alleges Overmann Made an Actionable Statement of Fact

Santos plausibly alleges that Overmann made a statement actionable as defamation. Santos avers that Overmann sent her an email on September 9, 2013 stating that Santos's "credit report would not make it possible for you to work in the department you wanted." (Am. Compl. ¶ 37.) Santos further asserts that VEC reviewed her credit history independently and approved

her for employment. She claims that Overmann then published the false statement when she repeated it to Perry and others.[11]

The Caliper Defendants contend that Overmann's statement is not actionable because it represents her opinion and does not constitute a statement of fact.[12] The Caliper Defendants face a procedural hurdle in taking such a position. On a motion to dismiss a defamation claim, "a court must credit plaintiff's allegations that the statements were factually false, and focus instead on whether the alleged statements could support a finding that they are actionable." *Echtenkamp v. Loudon Cty. Pub. Sch.*, 263 F. Supp. 2d 1043, 1063 (E.D. Va. 2003). Here, Overmann's statement posits that Santos's credit disqualified her from employment at VEC. The Amended Complaint does not provide context to enable this Court to find, as the Caliper Defendants wish, that the statement could be opinion. At this stage, Overmann's statement "can reasonably [be] interpreted as stating actual facts." *Milkovich*, 497 U.S. at 20. As such, the Court must assume that: (1) Overmann declared Santos ineligible for employment at VEC because of her credit report; and, (2) VEC reviewed Santos's credit report independently and approved her for employment. For purposes of this motion, Santos plausibly asserts that Overmann made a provably false statement about Santos's eligibility to work for VEC. Accordingly, the Court denies the motion to dismiss Count Two of the Amended Complaint for failure to allege actionable defamation.

---

[11] Count Two runs against both of the Caliper Defendants because Santos alleges that Overmann made the statement while acting within the scope of her employment with Caliper.

[12] The Caliper Defendants base their argument on actionability primarily on the position that Overmann's statement represents a protected opinion rather than a fact assertion. However, they also suggest that the statement may not qualify as actionable because it does not sufficiently harm Santos's reputation. At this point in the proceedings, the Court finds that Santos plausibly alleges sufficient harm to her reputation to make the statement actionable. *See Echtenkamp*, 263 F. Supp. 2d at 1064 (finding statements that portray plaintiff as lacking integrity or unfit for her profession sufficiently harmful to qualify as actionable at the motion to dismiss stage).

### D. Santos Plausibly Alleges Third-Party Publication

Santos sets forth facts sufficient to plausibly allege that Overmann published the defamatory statement to a third party outside of a privileged context. "The publication requirement for defamation requires a dissemination of the statement to a third party where that dissemination does not occur in a privileged context." *Brown v. Triton Sec., Inc.*, No. 1:04cv1544, 2005 WL 4663731, at *2 (E.D. Va. Mar. 23, 2005). Under Virginia law, speech earns qualified privilege in the employment context if it comprises "[c]ommunications between persons on a subject in which the persons have an interest or duty." *Echtenkamp*, 263 F. Supp. 2d at 1061 (alteration in original) (citing *Larimore v. Blaylock*, 528 S.E.2d 119, 121 (Va. 2000)). Thus, "the privilege applies broadly to all statements related to 'employment matters,' provided the parties to the communication have a duty or interest in the subject matter." *Id.* A party loses qualified privilege if "a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice." *Id.* (citing *Se. Tidewater Opportunity Project, Inc. v. Bade*, 435 S.E.2d 131, 132 (Va. 1993)).

Here, the Court lacks sufficient information to determine whether the qualified privilege applies to communications between Overmann and Perry. No information from the record indicates that Perry has any "duty or interest" in the subject matter of Santos's credit score or her employment with the VEC.[13] Thus, at this stage of the proceedings, the Court cannot find as a

---

[13] As noted above, the Court cannot credit the Caliper Defendants' claim that the "public record" establishes Perry's job title or where she worked. The Caliper Defendants point to no specific public records that the Court may consider. Further, even if public records unquestionably contained Perry's current and accurate job title, her title alone would not necessarily cloak her with "a duty or interest in the subject matter" of the statement at issue. *See Larimore*, 528 S.E.2d at 122 (noting that fellow employees might not have such a "duty or interest" depending on their positions).

matter of law that qualified privilege applies to communications between Overmann and Perry.[14] Accordingly, because Santos alleges that Overmann published her statement to Perry, a third party, and no privilege exists on the record, Santos has asserted facts that plausibly allege publication.

### IV. Conclusion

For the foregoing reasons, the Court denies the Caliper Defendants' Partial Motion to Dismiss. (ECF No. 3.)

An appropriate Order shall issue.

/s/ _____

M. Hannah Lauck
United States District Judge

Date: 11-30-15
Richmond, Virginia

---

[14] Santos alleges that Overmann published the false statement to "others, including Shelby Perry." Because allegations that Overmann published the statement to Perry constitute publication, at least at the motion to dismiss stage, the Court need not determine whether Santos's allegation that Overmann also made the statement to "others" plausibly states publication.